David A. Rosenzweig, Esq.
Melanie M. Kotler, Esq.
NORTON ROSE FULBRIGHT US LLP
666 Fifth Avenue
New York, NY 10103-3198
Telephone: (212) 318-3000
Facsimile:  (212) 318-3400
david.rosenzweig@nortonrosefulbright.com
melanie.kotler@nortonrosefulbright.com

Kristian W. Gluck, Esq.
Gregory M. Wilkes, Esq.
Timothy S. Springer, Esq.
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
Telephone: (214) 855-8000
Facsimile:  (214) 855-8200
kristian.gluck@nortonrosefulbright.com
greg.wilkes@nortonrosefulbright.com
tim.springer@nortonrosefulbright.com

COUNSEL FOR THE PETITIONER MASAKAZU YAKUSHIJI,
FOREIGN REPRESENTATIVE OF DAIICHI CHUO KISEN KAISHA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 15-12650** |
| **DAIICHI CHUO KISEN KAISHA,** | § | |
| | § | **Chapter 15** |
| Debtor in a foreign proceeding. | § | |

### *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND, AFTER NOTICE AND A HEARING, A PRELIMINARY INJUNCTION, PURSUANT TO SECTIONS 1519 AND 105(a) OF THE BANKRUPTCY CODE

Masakazu Yakushiji, in his capacity as a President and foreign representative (the "Petitioner") of Daiichi Chuo Kisen Kaisha ("DCKK"), a debtor in a civil rehabilitation proceeding under Japanese law (the "Japan Proceeding"), currently pending as Case No. Heisei 27 (2015) (Sai) 53 before the 20th Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"), respectfully submits this *Ex Parte Application for Temporary Restraining Order and, After Notice and a Hearing, a Preliminary Injunction, Pursuant to Sections 1519 and 105(a) of the Bankruptcy Code* (the "Motion") respectfully requesting (i) the immediate entry, on an *ex parte* basis, of an order to show cause with a temporary restraining order, substantially in the

form annexed hereto as Exhibit A, staying execution against the assets of DCKK, applying

section 362 of the Bankruptcy Code in this chapter 15 case (the "Chapter 15 Case") on a

provisional basis, and scheduling a hearing on the Petitioner's request for a preliminary

injunction, and (ii) after such hearing, the entry of a preliminary injunction order, substantially in

the form attached hereto as Exhibit B, extending the relief in the temporary restraining order

until the disposition of the Petition (defined below).  In support hereof, the Petitioner respectfully

submits the *Verified Petition for Recognition As Foreign Main Proceeding Pursuant to Sections

1515 and 1517 of the United States Code and Related Relief and Memorandum in Support* (the

"Petition") and *Declaration of Masakazu Yakushiji in Support of the Petition for Recognition as

Foreign Main Proceeding Pursuant to Sections 1515 and 1517 of the United States Bankruptcy

Code and Related Relief* (the "Declaration"), filed contemporaneously herewith, and states as

follows:

## I.
## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and

1334(a) and (b) and 11 U.S.C. § 1501 of the Bankruptcy Code.  Venue is proper in this district

pursuant to 28 U.S.C. § 1410.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2.      The statutory predicates for the relief requested herein are sections 1519 and

105(a) of the Bankruptcy Code, Rule 7065 of the Federal Rules of Bankruptcy Procedure, and

Rule 65 of the Federal Rules of Civil Procedure.

## II.
## BACKGROUND

3.      This Court is respectfully referred to the Petition and Declaration for a more

detailed description of the Japan Proceeding, DCKK's business, corporate organization, and

capital structure, and the circumstances leading to the filing of the Petition.

## III.
## RELIEF REQUESTED

4.      By this Motion, the Petitioner respectfully requests:

(a) entry, on an *ex parte* basis, of an order to show cause with a temporary restraining order:

> (i) pursuant to sections 1519(a)(1) and 105(a) of the Bankruptcy Code, enjoining all persons and entities from seizing, attaching, possessing, executing, and/or enforcing liens against the assets of DCKK;

> (ii) pursuant to sections 1519 and 105(a) of the Bankruptcy Code, applying section 362 of the Bankruptcy Code in this chapter 15 case within the territorial jurisdiction of the United States to stay, among other things, actions against DCKK or any other parties on the basis of obligations of DCKK, or on the theory that any parties are "alter egos" of DCKK;

> (iii) scheduling a hearing for a preliminary injunction; and

(b) after notice and hearing, entry of a preliminary injunction extending the relief set forth above until such time as this Court enters an order disposing of the Petition.

## IV.
## BASIS FOR RELIEF

5.      The Petitioner commenced the Chapter 15 Case for the purpose of obtaining the assistance of this Court in aid of the Japan Proceeding and Tokyo Court to facilitate the conduct of a single, centralized, coordinated and efficient restructuring process for DCKK and its subsidiaries.  The Petitioner believes that a stay of proceedings against DCKK's assets, as well as the provisional application of section 362 of the Bankruptcy Code, is crucial to prevent efforts by any creditors of DCKK or its subsidiaries and affiliates to collect upon their debts and seize its assets, which may have a cascading effect and result in significant erosion in enterprise value to the detriment of all stakeholders.

6.      Although such relief is not automatic upon the filing of a chapter 15 petition, this Court has the discretion to grant such relief on a provisional basis pursuant to sections 1519(a)

and 105(a) of the Bankruptcy Code to preserve the estate until the disposition of the Petition. Specifically, section 1519(a) of the Bankruptcy Code authorizes the Court to grant "relief of a provisional nature" from the time of filing a petition for recognition until the court rules on the petition where such relief is "urgently needed to protect the assets of the debtor or the interests of the creditors," including "staying execution against the debtor's assets." 11 U.S.C. § 1519(a)(1). In addition, pursuant to section 1519(a)(3) of the Bankruptcy Code, the Court is authorized to grant, on a provisional basis, the relief available under section 1521(a)(7) of the Bankruptcy Code, which in turn provides for any relief available to a trustee in a plenary case under the Bankruptcy Code, subject to certain statutory exceptions not relevant here. Further, section 105(a) of the Bankruptcy Code further allows the Court to "issue any order . . . necessary or appropriate to carry out the provisions of [title 11]." The Court may therefore apply section 362 of the Bankruptcy Code in DCKK's chapter 15 case as the protections afforded by that section constitute "relief that may be available to a trustee." 11 U.S.C. §§ 1519(a)(3) and 1521(a)(7). Section 362 of the Bankruptcy Code provides relief to a trustee by, among other things, enjoining creditor actions against debtors and their property, and is an essential feature of the Bankruptcy Code.

7.      Courts have granted provisional relief pursuant to sections 1519(a)(1) and 1519(a)(3) of the Bankruptcy Code, including, but not limited to, the application of section 362 of the Bankruptcy Code, in a number of chapter 15 cases. *See, e.g., In re Chembulk New York PTE Ltd., et al.*, No. 12-11007 (Bankr. S.D.N.Y. March 23, 2012) (staying execution against assets of the debtor); *In re Pt. Arpeni Pratama Ocean Line TBK.*, No. 11-15691 (Bankr. S.D.N.Y. December 23, 2011) (same); *In re Farenco Shipping Co. Ltd.*, No. 11-14138 (Bankr. S.D.N.Y. September 7, 2011) (same); *In re Azure Dynamics Corporation*, No 12-47498 (Bankr.

E.D. Mich. March 27, 2012) (same); *In re Valle Foam Indus. (1995) Inc.*, No. 12-30214 (Bankr. N.D. Ohio Jan. 27, 2012) (same); *In re Satisfied Brake Products, Inc.*, No. 11-51427 (E.D. Ky. May 19, 2011) (applying section 362 on a provisional basis); *In re Japan Airlines Corporation, et al.*, No. 10-10198 (Bankr. S.D.N.Y. January 28, 2010) (same).

8.      Relief under section 1519 of the Bankruptcy Code is available where the foreign representative can satisfy the standard for injunctive relief. 11 U.S.C. § 1519(e).  As discussed more fully in the Petition, in the Second Circuit "a movant seeking injunctive relief must demonstrate: (1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and; (3) that the public's interest weighs in favor of granting an injunction." *Metro. Taxicab Bd. of Trade v. City of N.Y.*, 615 F.3d 152, 156 (2d Cir. 2010).

9.      In the present circumstances, the requested protections are necessary to prevent a substantial risk of irreparable harm to DCKK.  DCKK is an international shipping company whose primary business is the provision of marine transportation services for bulk cargoes. DCKK owns 7 vessels, and through its subsidiaries, also owns, operates or charters the majority of the DCKK fleet, which in total includes 185 vessels of March 31, 2015.  The majority of these are chartered in through DCKK.  However, a number of vessels are owned by DCKK, either directly or through single purpose subsidiary entities.  In addition, DCKK holds stock in its New York subsidiary, Daiichi Chuo Shipping (America) Inc., and maintains bank accounts at the New York branches of The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Sumitomo Mitsui Banking Corporation.  DCKK's assets include its owned vessels and the rights DCKK has to operate other vessels in its fleet.

10.      DCKK's vessels and other assets are at a substantial risk of seizure by creditors at any given time.  Moreover, the vessels of DCKK's affiliates may be subject to seizure as well on the basis of claims against DCKK itself, or under the theory that such affiliates are "alter egos" of DCKK.  A stay preventing such actions in the United States is therefore necessary and appropriate here because as the company's vessels proceed on their shipping routes in the ordinary course of business, they regularly move in and out of the territorial waters of the United States.  As of today, the following vessels are in, or will enter, United States ports (sorted by date of arrival):

| Vessel Name | Port of Call | Arrival | Departure |
|---|---|---|---|
| Poavosa Wisdom III | Longview, WA | September 16, 2015 | September 29, 2015 |
| Ocean Satoko | Tampa, FL | September 27, 2015 | September 29, 2015 |
| Ocean Satoko | New Orleans, LA | October 1, 2015 | October 3, 2015 |
| Ocean Satoko | Houston, TX | October 5, 2015 | October 7, 2015 |
| ISS Breeze | Pittsburgh, PA | October 6, 2015 | October 9, 2015 |
| Sakura Ocean | Panama City, FL | October 7, 2015 | October 9, 2015 |
| Sakura Ocean | New Orleans, LA | October 10, 2015 | October 14, 2015 |
| Ocean Ibis | Portland, OR | October 12, 2015 | October 17, 2015 |
| Ocean Falcon | Port Manatee, FL | October 13, 2015 | October 16, 2015 |
| Sakura Ocean | Houston, TX | October 15, 2015 | October 17, 2015 |
| Ocean Falcon | New Orleans, LA | October 18, 2015 | October 22, 2015 |
| Ocean Falcon | Houston, TX | October 24, 2015 | October 25, 2015 |
| Moonlight Serenade | Brownsville, TX | November 8, 2015 | November 9, 2015 |
| Moonlight Serenade | Houston, TX | November 11, 2015 | November 12, 2015 |
| Ocean Gracious | Houston, TX | November 12, 2015 | November 13, 2015 |
| Ocean Gracious | New Orleans, LA | November 15, 2015 | November 17, 2015 |
| Moonlight Serenade | New Orleans, LA | November 15, 2015 | November 17, 2015 |
| Copacabana | Philadelphia, PA | December 1, 2015 | December 3, 2015 |
| Copacabana | New Orleans, LA | December 9, 2015 | December 12, 2015 |
| Copacabana | Houston, TX | December 14, 2015 | December 16, 2015 |

11.      Any arrests of DCKK vessels or garnishment of hire payments due to DCKK would be devastating to DCKK's cash flows and severely hinder its overall reorganization efforts.  Further or continued individual creditor actions in the United States would interfere with the orderly administration of the Japan Proceeding and severely hinder any chance for the Japan

35581604.2                                                                                                                                6

Proceeding to produce a successful outcome. To protect DCKK's businesses from such disruption and to preserve value, the Motion seeks immediate entry of an order to show cause with a temporary restraining order prior to the hearing on the Motion. The purpose of chapter 15, and of bankruptcy generally, is to prevent this type of harm. *See* 11 U.S.C. § 1501.

12.     In addition, it is well-established that "the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury." *In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988). Courts have held that harm to an estate exists where the orderly determination of claims and the fair distribution of assets are disrupted. *See Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 714 (2d Cir. 1987). Finally, irreparable harm has been found where allowing litigation to go forward would (i) threaten the assets of a foreign estate, (ii) subject a foreign representative to a default judgment, and (iii) divert funds needed for the purpose of maximizing value for the estate's creditors. *In re Gercke*, 122 B.R. 621, 626 (Bankr. D.D.C. 1991); *see also In re Muscletech Research and Development Inc. et al.*, Nos. 06 CIV 538 and 539 (S.D.N.Y. February 7, 2006) (continuing "stay" imposed by the bankruptcy court so long as parties demonstrated progress towards the formulation of a global settlement and plan). In this case, if all creditors are not enjoined, DCKK's assets in the United States may be prematurely "pieced out" and "the orderly determination of claims and the fair distribution of assets" in the Japan Proceeding will be severely disrupted.

13.     For the reasons set forth in the Petition and Declaration, the Petitioner has amply demonstrated a substantial likelihood that the Japan Proceeding will be recognized as a foreign main proceeding because, among other things, the Japan Proceeding is pending in Japan, which is the location of the center of main interests for DCKK. Moreover, no substantial injury will result to any party that is greater than the harm to DCKK in the absence of the requested relief.

The relief requested herein is intended to be temporary, extending only through the disposition of the Petition.  If the provisional relief sought herein is not granted, DCKK is at risk of immediate and irreparable harm for the reasons discussed above.

## V.
## PRAYER

WHEREFORE, the Petitioner respectfully requests that the Court (i)(a) enter the proposed order to show cause with temporary restraining order attached hereto as Exhibit A, staying execution against the assets of DCKK, applying section 362 of the Bankruptcy Code in DCKK's chapter 15 case on a provisional basis, and scheduling a hearing to consider the Petitioner's request for a preliminary injunction, and (b) after such hearing, enter the proposed preliminary injunction order attached hereto as Exhibit B, extending the relief in the temporary restraining order until the disposition of the Petition, and (iii) grant such other relief as the Court determines is fair and equitable under the circumstances.

Dated:  September 29, 2015

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**


By:    /s/ *Melanie M. Kotler*
    David A. Rosenzweig, Esq.
    Melanie M. Kotler, Esq.
    NORTON ROSE FULBRIGHT US LLP
    666 Fifth Avenue
    New York, NY 10103-3198
    Telephone: (212) 318-3000
    Facsimile:  (212) 318-3400
    david.rosenzweig@nortonrosefulbright.com
    melanie.kotler@nortonrosefulbright.com

    Kristian W. Gluck, Esq.
    Gregory M. Wilkes, Esq.
    Timothy S. Springer, Esq.
    NORTON ROSE FULBRIGHT US LLP
    2200 Ross Avenue, Suite 3600
    Dallas, Texas  75201-7932
    Telephone: (214) 855-8000
    Facsimile:  (214) 855-8200
    kristian.gluck@nortonrosefulbright.com
    greg.wilkes@nortonrosefulbright.com
    tim.springer@nortonrosefulbright.com

    COUNSEL FOR THE PETITIONER
    MASAKAZU YAKUSHIJI,
    FOREIGN REPRESENTATIVE OF DAIICHI
    CHUO KISEN KAISHA