IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 15-12650 |
| **DAIICHI CHUO KISEN KAISHA,** | § | |
| | § | Chapter 15 |
| Debtor in a foreign proceeding. | § | |

## PRELIMINARY INJUNCTION ORDER PURSUANT TO
## SECTIONS 1519 AND 105(a) OF THE BANKRUPTCY CODE

Masakazu Yakushiji, in his capacity as foreign representative (the "Petitioner") of Daiichi Chuo Kisen Kaisha ("DCKK"), a debtor in a civil rehabilitation proceeding under Japanese law (the "Japan Proceeding"), currently pending as Case No. Heisei 27 (2015) (Sai) 53 before the 20th Civil Division of the Tokyo District Court, Japan (the "Tokyo Court"), filed:

(i) a Verified Petition (the "Petition") seeking the entry of an order recognizing the Japan Proceeding as a "foreign main proceeding" under section 1517 of title 11 of the United States Code (the "Bankruptcy Code") and granting related relief; and

(ii) an application (the "Motion"), seeking (a) the entry, on an *ex parte* basis, of an order to show cause with a temporary restraining order staying execution against the assets of DCKK, applying section 362 of the Bankruptcy Code in this Chapter 15 Case on a provisional basis, and scheduling a hearing on Petitioner's request for a preliminary injunction and (b) after such hearing, the entry of a preliminary injunction order extending the relief in the temporary restraining order until the disposition of the Petition.

The Court has considered and reviewed the Motion and the Petition, and all related documents filed contemporaneously therewith, including the Declaration of Masakazu Yakushiji and the documents attached thereto. Based on the foregoing, and having held a hearing on the

Petitioner's request for a preliminary injunction on October 7, 2015, and any objections to the Motion not previously withdrawn or overruled, the Court finds and concludes as follows:

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code;

    B.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P);

    C.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1410(1) and (3);

    D.    There is a substantial likelihood that the Petitioner will be able to demonstrate that the Japan Proceeding is a foreign main proceeding pursuant to Section 1517 of the Bankruptcy Code, that the Petitioner is the duly appointed foreign representative of DCKK pursuant to Sections 101(23) and 1502(4) of the Bankruptcy Code, and that Petitioner, in his capacity as foreign representative of DCKK, is entitled to the protections afforded by Sections 1520 and 1521 of the Bankruptcy Code;

    E.    In the absence of the relief granted in this Order there is a material risk that DCKK will suffer irreparable harm for which Petitioner and DCKK will have no adequate remedy at law, in that creditors could make efforts to control, possess, or execute upon assets of DCKK located in the United States and such efforts would (a) interfere with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code, (b) interfere with the administration of the estate in the Japan Proceeding, and (c) undermine the Petitioner's efforts to achieve an equitable result for the benefit of all of DCKK's creditors and interest holders;

    F.    The relief granted herein will enjoin certain actions in order to permit the expeditious and economical administration of the Japan Proceeding and to protect the respective rights of DCKK and its creditors in that proceeding, and any hardship to other parties is outweighed by the benefits and need for the relief granted herein;

G. The relief granted herein is consistent with the purposes of Sections 1519, 1520 and 1521 of the Bankruptcy Code and the interests of the public will be served thereby; and

H. Prior to the entry of this Order, sufficient notice of the Motion was properly served on all parties in interest.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. Until such time as an order disposing of the Petition is entered, or as otherwise ordered by this Court:

(i) all persons and entities subject to this Court's jurisdiction are enjoined from taking or continuing any act to seize, attach, possess, execute upon, exercise control over and/or enforce liens against any assets of DCKK, including without limitation any vessel or other property owned, chartered, leased, managed or operated by DCKK while such vessel or other property is located in the territorial jurisdiction of the United States; and

(ii) the automatic stay set forth in Section 362 of the Bankruptcy Code shall be applicable, within the territorial boundaries of the United States, to DCKK and all of its assets.

2. Any party in interest may make a motion seeking relief from or modifying this Order by motion or application to this Court, and any such request shall be the subject matter of a hearing scheduled by the Court.

3. Copies of this Order, shall be served by electronic mail or facsimile, or, in the event service by electronic mail or facsimile cannot be accomplished, then by United States mail first-class postage prepaid on:

(i) DCKK and its counsel in Japan;

      (ii)    all persons or bodies authorized to administer foreign proceedings of DCKK;

      (iii)    all parties against whom the provisional relief set forth in this Order is being granted (or their counsel), including without limitation all known creditors of DCKK in the United States;

      (iv)    all parties to litigation pending in the United States in which DCKK is a party; and

      (v)    the Office of the United States Trustee.

Such service shall be made no later than 5:00 p.m. on October 8, 2015.

4.    Service in accordance with this Order shall constitute adequate and sufficient service and notice.

5.    Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

6.    The Motion and all other filings in DCKK's Chapter 15 Case shall be made available upon request at the offices of Norton Rose Fulbright US LLP, 666 5th Avenue, New York, New York 10103, Attention: David Rosenzweig and Melanie Kotler, 212-318-3000.

7.    This Court shall retain jurisdiction with respect to all matters relating to interpretation or implementation of this Order.

Dated: New York, New York
       October 7, 2015

                                  **s/Michael E. Wiles**
                                  UNITED STATES BANKRUPTCY JUDGE