IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 15-12650 |
| DAIICHI CHUO KISEN KAISHA, | § | |
| | § | Chapter 15 |
| Debtor in a foreign proceeding. | § | |

## ORDER GRANTING RECOGNITION AND RELATED RELIEF

**THIS MATTER** was brought before the Court by Masakazu Yakushiji, in his capacity as foreign representative (the "Petitioner")[1] of Daiichi Chuo Kisen Kaisha ("DCKK"), a debtor in a civil rehabilitation proceeding under Japanese law (the "Japan Proceeding"), currently pending as Case No. Heisei 27 (2015) (Sai) 53 before the 20th Civil Division of the Tokyo District Court, Japan (the "Tokyo Court").

The Petitioner filed a Verified Petition (the "Petition") for Recognition as Foreign Main Proceeding Pursuant to Sections 1515 and 1517 of the United States Code (the "Bankruptcy Code") and Related Relief commencing this proceeding (the "Chapter 15 Case") under chapter 15 of title 11 of the Bankruptcy Code, seeking entry of an order recognizing the Japan Proceeding as a "foreign main proceeding" under section 1517 of the Bankruptcy Code.

Due and timely notice of the filing of the Petition and the hearing on the Petition was given by the Petitioner in accordance with this Court's order dated September 29, 2015, approving the form of notice and manner of service thereof, which service is deemed adequate for all purposes such that no other or further notice thereof need be given. The Court considered and reviewed the Petition and the other pleadings and exhibits submitted by the Petitioner in support thereof, and,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the *Verified Petition for Recognition as Foreign Main Proceeding Pursuant to Sections 1515 and 1517 of the United States Code and Related Relief* (the "Petition") [Dkt. No. 2].

given that no responses or objections were filed, determined that a hearing on the matter was unnecessary.

After due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

(A)    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code;

(B)    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P);

(C)    Venue is proper in this District pursuant to 28 U.S.C. §§ 1410(1) and (3);

(D)    The Petitioner is a "person" within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of DCKK within the meaning of section 101(24) of the Bankruptcy Code;

(E)    The Chapter 15 Case was properly commenced pursuant to section 1504 and 1515 of the Bankruptcy Code;

(F)    The Petition meets the requirements of section 1515 of the Bankruptcy Code;

(G)    The Japan Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code;

(H)    The Japan Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code;

(I)    The Japan Proceeding is pending in Tokyo, Japan, the location of the center of main interests for the Debtor, and as such constitutes a foreign main proceeding pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code;

(J)    The Petitioner, as a foreign representative, is entitled to all the relief afforded pursuant to section 1520 of the Bankruptcy Code;

(K)    The relief granted herein is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 1507, 1509, and 1521 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of the relief granted.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Petition is granted.  The Japan Proceeding is recognized as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

2.    All provisions of section 1520 of the Bankruptcy Code apply as of right in this Chapter 15 Case throughout the duration of this Chapter 15 Case or until otherwise ordered by this Court, including, without limitation, application of section 362 of the Bankruptcy Code, which, among other things, stays and enjoys the taking or continuing of any act to obtain possession of, or exercise control over, any asset or property owned, chartered, leased, managed, or operated by the Debtor which such property is located in the territorial jurisdiction of the United States.

3.    The Petitioner is entitled to certain further relief as authorized by section 1521 of the Bankruptcy Code, and accordingly the administration or realization of all or part of DCKK's assets within the territorial jurisdiction of the United States is entrusted to the Petitioner.  This paragraph is without prejudice to the right of DCKK to seek additional relief pursuant to section 1521.

4.    The Petition shall be available upon request at the offices of Norton Rose Fulbright US, LLP, 666 5th Avenue, New York, New York 10103-3198 to the attention of Melanie Kotler, (212) 318-3020, melanie.kotler@nortonrosefulbright.com.

5. Notwithstanding Bankruptcy Rule 7062, made applicable to this Chapter 15 Case by Bankruptcy Rule 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and upon its entry, this Order shall become final and appealable.

Dated: New York, New York
November 12, 2015

**s/Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE